Compiler

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| DOROTHY A. MANLEY,<br><br>                    Plaintiff,<br><br>        v.<br><br>ALBERT A. MANLEY,<br><br>                    Defendant. | CIVIL CASE NO. CV1394-11<br><br><br>**FINDINGS OF FACT &**<br>**CONCLUSIONS OF LAW** |

## INTRODUCTION

This matter came on for a Bench Trial before the Honorable Arthur R. Barcinas on March 13, 2013. Plaintiff's complaint is seeking rescission of a deed and restoration of her right and title to the premises. The Court having heard the testimony of the parties and consideration of the evidence produced at trial, now issues the following Findings of Fact and Conclusions of Law on the matter presented.

In a bench trial, the Court is the trier of fact and is the sole judge of the credibility of the witnesses and the weight to be given to their testimony. United States v. Bale, 813 F .2d 1289, 1293 (4th Cir. 1987). The Court has both the right and duty to weigh the evidence and to draw reasonable and rational inferences from the facts in evidence, including circumstantial evidence. State v. Halmos, 755 P.2d 1226, 1227 (Haw. 1988). The trial court is afforded deference and due regard in determining the credibility of witnesses. Jenkins v. Montallana, 2007 Guam 12, ¶9; Town House Dep't Stores, Inc. v. Hi Sup Ahn, et al, 2000 Guam 32, ¶13.

## FINDINGS OF FACT

By preponderance of the evidence the Court makes the following findings of fact:

1.      That the plaintiff is the natural mother of the defendant.

2.      That on or about November 20, 2009, Plaintiff executed a Deed of Gift in favor of defendant to her property described as Lot No. 137.

3.      That the Defendant recorded the Deed of Gift in the Department of Land Management on November 24, 2009.

4.      That the Deed contained no restrictions or conditions.

5.      That Plaintiff continued to reside in the family home located on Lot No. 137 along with defendant and his family.

6.      That in 2011, Plaintiff voluntarily left the family residence because of disputes with defendant and members of Defendant's family

7.      That the Defendant has been making all mortgage payments in the amount of approximately Six Hundred Dollars ($600.00) per month since June 2010.

8.      That prior to the conveyance the Defendant had received notices of foreclosure from the Bank.

## CONCLUSIONS OF LAW

This Court has jurisdiction pursuant to Title 7 Guam Code Annotated, Section 3105.

The Plaintiff asks this Court to order a rescission of the deed based upon defendant's failure to provide and care for her. Plaintiff asserts that defendant has committed fraud in the inducement by promising to provide plaintiff with full support of living space in the home and by failing or refusing to do as he promised after the plaintiff signed over the property. A Deed is a contract. See generally, 18 GCA § 86106 (5)  "A contract is an agreement to do or not to do a

certain thing." 18 GCA § 85101 (2012). The elements of a contract on Guam are: 1) parties capable of contracting; 2) consent of the parties; 3) a lawful object; and 4) sufficient consideration. As such the Court must look to the provisions of the Guam Code regarding contracts and the applicable contract remedies.

Plaintiff's main argument is that the deed was procured by fraud in the inducement. Our Supreme Court has determined: The elements of fraud are: "(1) a misrepresentation; (2) knowledge of falsity (or scienter); (3) intent to defraud to induce reliance; (4) justifiable reliance; and (5) resulting damages." Transpacific Export Co. v. Oka Towers Corp., 2000 Guam 3 ¶ 23. The tort of intentional misrepresentation has the same elements as fraud. See Lim v. The.TV Corp. Int'l, 121 Cal. Rptr. 2d 333, 339 (Ct. App. 2002). Hemlani v. Flaherty, 2003 Guam 17.

Plaintiff has simply failed to meet its burden or to produce any evidence of the asserted consideration either in writing or by convincing testimony that Defendant agreed as a condition of the transfer to be obligated to provide her shelter or care. Even had this been the case the evidence before the Court is that the Plaintiff simply moved out after an argument with defendant's family and has since refused to return to the home despite defendants continued assurance that she may return at any time. Plaintiff has failed to provide any evidence of any of the elements to support the claim of fraud.

/ / /

/ / /

/ / /

## CONCLUSION

The Court finds under the evidence presented and the law applicable to this case that Judgment should be entered in favor of Defendant, and that all parties shall bear their own cost and attorney's fees.

**SO ORDERED** this OCT 0 2 2013 day of October, 2013.



**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam

OCT 0 2 2013

Benny O. Cruz
Deputy Clerk Superior Court of Guam